IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| GARY CARR, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. 2:14-cv-02646-STA-dkv |
| RANDY LEE, | ) ) | |
| Respondent. | ) ) ) | |

**ORDER TO MODIFY THE DOCKET,
GRANTING RESPONDENT'S MOTION TO DISMISS,
DENYING PETITION PURSUANT TO 28 U.S.C. § 2254,
CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court are the amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Amended § 2254 Petition") (Am. § 2254 Pet., *Carr v. Lee*, No. 2:14-cv-02646-STA-dkv (W.D. Tenn.), ECF No. 10), filed by Petitioner, Gary Carr, Tennessee Department of Correction prisoner number 210691, who is currently housed at the Northeast Correctional Complex ("NECX") in Mountain City, Tennessee, and the Motion to Dismiss Time-Barred Petition (Resp't's Mot. to Dismiss, *id.*, ECF No. 14), filed by Respondent, James M. Holloway, the warden of the prison where Carr was housed when he commenced this action.[1]  For the reasons stated below, the Court GRANTS the Motion to Dismiss and DENIES the Amended § 2254 Petition.

---

[1] The Clerk is directed to modify the docket to reflect Carr's current address and to mail a copy of this order and the judgment to him at that address.  The Court is further directed to

I.  **BACKGROUND**

   A.  **State Court Procedural History**

On February 27, 1996, a grand jury sitting in Shelby County, Tennessee, returned three indictments against Carr. Case Number 96-02204 charged Carr and Tyrone Toney with the attempted first degree murder of Tam Nuguyen. (Indictment, *State v. Carr,* No. 96-02204 (Shelby Cnty. Crim. Ct.), ECF No. 13-1 at PageID 84-85.) Case Number 96-02205 charged Carr and Toney with the attempted especially aggravated robbery of Nuguyen. (Indictment, *State v. Carr,* No. 96-02205 (Shelby Cnty. Crim. Ct.), ECF No. 13-1 at PageID 86-87.) Case Number 96-02206 was a two-count indictment charging Carr and Toney with the first-degree murder of Tony Barrineau (Count 1) and with killing Tony Barrineau during the perpetration of an attempted robbery (Count 2). (Indictment, *State v. Carr,* No. 96-02206 (Shelby Cnty. Crim. Ct.), ECF No. 13-1 at PageID 88-90.)

On March 13, 1998, Carr entered guilty pleas to attempted murder, especially aggravated robbery and first-degree murder in exchange for negotiated concurrent sentences of twenty-five years for the attempted murder, twelve years for the attempted robbery and life imprisonment without the possibility of parole for the first-degree murder. (Negotiated Plea Agreement, *State v. Carr,* No. 96-02204 (Shelby Cnty. Crim. Ct.), ECF No. 13-1 at PageID 92; Negotiated Plea Agreement, *State v. Carr,* No. 96-02205 (Shelby Cnty. Crim. Ct.), ECF No. 13-1 at PageID 93; Negotiated Plea Agreement, *State v. Carr,* No. 96-02206 (Shelby Cnty. Crim. Ct.), ECF No. 13-1 at PageID 94; Pet. for Waiver of Trial by Jury and Request for Acceptance of Plea of Guilty, *State v. Carr,* Nos. 96-02204, -02205, -02206 (Shelby Cnty. Crim. Ct.), ECF No. 13-1 at PageID 95;

---

substitute NECX Warden Randy Lee for James M. Holloway as respondent. *See* Fed. R. Civ. P. 25(d).

Order, *id.*, ECF No. 13-1 at PageID 96.) Judgments were entered on March 13, 1998. (J., *State v. Carr,* No. 06-02204 (Shelby Cnty. Crim. Ct.), ECF No. 13-1 at PageID 97; J., *State v. Carr,* No. 96-02205 (Shelby Cnty. Crim. Ct.), ECF No. 13-1 at PageID 98; J., *State v. Carr,* No. 96-02206 (Shelby Cnty. Crim. Ct.) (Count 1), ECF No. 13-1 at PageID 99.) Carr did not take a direct appeal, having waived the right to do so.

On May 5, 1998, Carr filed a *pro se* petition in the Shelby County Criminal Court pursuant to the Tennessee Post-Conviction Procedure Act, Tenn. Code Ann. §§ 40-30-201 to -222. (Pet. for Relief from Conviction or Sentence, *Carr v. State,* No. P-1990 (Shelby Cnty. Crim. Ct.), ECF No. 13-1 at PageID 100-05; Pet'r's Aff. in Supp. of Post-Conviction Pet., *id.*, ECF No. 13-1 at PageID 108-09.) The State filed its response on May 12, 1998. (Resp. of the State to Pet. for Post-Conviction Relief, *id.*, ECF No. 13-1 at PageID 112.) Counsel was appointed to represent Carr (Order Appointing Private Counsel to Represent Indigent Pet'r, *id.*, ECF No. 13-1 at PageID 113), and an amended petition was filed on June 10, 19998 (Am. Pet. for Post Conviction Relief, *id.*, ECF No. 13-1 at PageID 114-16). A hearing on the post-conviction petition was held on March 17, 1999. (Post-Conviction Hr'g Tr., *id.*, ECF No. 13-2.) The post-conviction court denied relief on April 22, 1999. (Findings of Fact Conclusions of Law Order, *id.*, ECF No. 13-1 at PageID 118-20.) The Tennessee Court of Criminal Appeals ("TCCA") affirmed. *Carr v. State,* No. W1999-01242-CCA-R3-CD, 2000 WL 763962 (Tenn. Crim. App. June 8, 2000), *appeal denied* (Feb. 20, 2001).

On March 11, 2014, Carr filed a petition for a writ of habeas corpus, pursuant to Tennessee Code Annotated §§ 29-21-101 to -130*,* in the Circuit Court for Lauderdale County, Tennessee. (Pet. for Writ of Habeas Corpus, *Carr v. Lester*, No. 6734 (Lauderdale Cnty. Circ. Ct.), ECF No.

13-8 at PageID 255-60.) The trial court summarily dismissed the petition on March 12, 2014. (Order, *id.*, ECF No. 13-8 at PageID 276-78.) The TCCA affirmed. *Carr v. State,* No. W2014-00579-CCA-R3-HC, 2014 WL 3360318 (Tenn. Crim. App. July 3, 2014).

    **B.**    **Procedural History of Carr's § 2254 Petition**

On August 19, 2014, Carr filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, titled "PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY § 2254(b)(1)(i) AND (ii)" ("§ 2254 Petition"). (§ 2254 Pet., *Carr v. Lee,* No. 2:14-cv-02646-STA-dkv (W.D. Tenn.), ECF No. 1.) In response to the Court's order (Order, *id.*, ECF No. 3), Carr filed an *in forma pauperis* application on September 5, 2014 (Appl. to Proceed in District Court Without Prepaying Fees or Costs (Short Form), *id.*, ECF No. 4). The Court granted leave to proceed *in forma pauperis* on September 8, 2014. (Order, *id.*, ECF No. 5.) In an order issued on December 4, 2014, the Court ordered Carr to file an amended petition on the official form. (Order, *id.*, ECF No. 7.) Carr filed his Amended § 2254 Petition on January 21, 2015. (Am. § 2254 Pet., *id.*, ECF No. 10.)[2] The sole issue presented is whether "PETITIONER WAS CONVICTEED WITHOUT INDICTMENT." (Am. § 2254 Pet. at PageID 60.) Specifically, Carr contends that "HE WAS NEVER PERSONALLY SERVED WITH INDICTMENT AND THE JUDGMENT IS VOID SINCE IT DOTH (Sic) NOT TRACK THE STATUTE LANGUAGE." (*Id.*; *see also id.* at PageID 60-61.)

In an order issued on May 27, 2015, the Court directed Warden Holloway to file the state-court record and a response to the Amended § 2254 Petition. (Order, *Carr v. Lee*, No.

---

[2] The § 2254 Petition appeared to challenge the three 1998 judgments and two additional judgments obtained in 1997 for attempted first degree murder and attempted especially aggravated robbery. The Amended § 2254 Petition makes clear that Carr is challenging only his 1998 conviction for first degree murder. (*See* Am. § 2254 Pet. at PageID 56, *id.*, ECF No. 10.)

4

2:14-cv-02646-STA-dkv (W.D. Tenn.), ECF No. 7.) On June 23, 2015, the Warden filed the state-court record and his Motion to Dismiss Time-Barred Petition. (Not. of Filing, *id.*, ECF No. 13; Resp't's Mot. to Dismiss, *id.*, ECF No. 14.) Carr responded to the Motion to Dismiss on July 10, 2015. (Pet'r's Resp. to Resp't's Mot. to Dismiss, *id.*, ECF No. 15.)

**II.        ANALYSIS**

In his Motion to Dismiss, the Warden argues that the § 2254 Petition is time barred. (Resp't's Mot. to Dismiss at 1, *id.*, ECF No. 14; Mem. of Law in Supp. of Resp't's Mot. to Dismiss at 3-5, *id.*, ECF No. 14-1.) Twenty-eight U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of—

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because Carr did not appeal his conviction for first-degree murder, it became final no later than the expiration of the time for taking a direct appeal. 28 U.S.C. § 2244(d)(1)(A); *see Jiminez v. Quarterman*, 555 U.S. 113, 118-19 (2009). The judgment was entered on March 13, 1998, at which time the running of the limitations period commenced. *State v. Hall*, 983 S.W.2d 710 (Tenn. Crim. App. 1998) ("[T]he defendant pled guilty pursuant to a plea agreement and waived his right to appeal. Upon waiving his right to appeal on the date of entry of the guilty plea and judgment of conviction, the judgment became final that day.").[3]

The running of the limitations period was tolled, pursuant to 28 U.S.C. § 2244(d)(2), when Carr filed his post-conviction petition on May 5, 1998. By that time, fifty-three days of the one-year limitations period had elapsed. The TCCA issued its decision on the post-conviction appeal on June 8, 2000, and the Tennessee Supreme Court denied permission to appeal on February 20, 2001. The running of the limitations period recommenced on that date, and it expired three hundred twelve days later, on December 31, 2001.[4] Carr's § 2254 Petition was processed by the prison mailroom on August 18, 2014 (Envelope, *Carr v. Lee*, No. 2:14-cv-02646-STA-dkv (W.D. Tenn.), ECF No. 1), more than twelve years after the expiration of

---

[3] Under current law, when a Tennessee prisoner enters a guilty plea, his conviction becomes final at the expiration of the time for taking a direct appeal. Tenn. R. App. P. 4(a); *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) (a judgment of conviction entered upon a guilty plea becomes final 30 days after acceptance of the plea agreement and imposition of sentence). Carr's guilty-plea conviction predated *Green* and is governed by *Hall*.

Section 2244(d)(1) provides that the limitations period begins to run from the *latest* of the four specified circumstances. In this case, however, there is no reason to conclude that the limitations period for the claim raised by Carr commenced at any time later than the date on which his conviction became final.

[4] Because the final day of the limitations period fell on Saturday, December 29, 2001, Carr had until the close of the next business day to file a timely § 2254 petition. Fed. R. Civ. P. 6(a)(1)(C).

6

the limitations period. Even if it were deemed to have been filed on that date, *see Houston v. Lack*, 487 U.S. 266, 270-71, 276 (1988), it is untimely.[5]

"The doctrine of equitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted). The § 2254 limitations period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[T]he doctrine of equitable tolling is used sparingly by federal courts." *Robertson*, 624 F.3d at 784; *see also Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (same); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (same). "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson*, 624 F.3d at 784. A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In ¶ 18 of the Amended § 2254 Petition, which addresses the statute of limitations, Carr stated that "PETITIONER PRESENTED THESE ISSUES TO LAUDERDALE COUNTY CIRCUIT COURT NO. 6734 AND COURT OF CRIMINAL APPEALS NO.

---

[5] Carr's state habeas petition, which was filed in 2014, did not toll the running of the limitations period because, by that time, the limitations period had already expired. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("'The tolling provision does not . . . "revive" the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.'") (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)); *Owens v. Stine*, 27 F. App'x 351, 353 (6th Cir. 2001) ("A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

W2014-00579-CCA-R3-HC, BUT STATUTE UNDER HABEAS CORPUS STATES AT T.C.A. 29-21-127(c) THAT PETITIONER COULD HATH (Sic) WENT TO FEDERAL COURT. RHEA 238 F.2D 850 PER CURIAM." (Am. § 2254 Pet. at PageID 69, *Carr v. Lee*, No. 2:14-cv-02646-STA-dkv (W.D. Tenn.), ECF No. 10.) This statement has no bearing on the timeliness of this action. The Tennessee statute cited by Carr—Tennessee Code Annotated § 29-21-127—governs appeals in state habeas cases. A state statute cannot override a federal statute providing a limitations period for § 2254 petitions in federal court. The relevance of the decision in *Edwards v. Rhea*, 238 F.2d 850 (6th Cir. 1956) (per curiam), which was issued forty years before the enactment of the statutory limitations period, is also unclear. That decision, which held that a prisoner is not required to file a petition for a writ of certiorari to the United States Supreme Court in order to exhaust his claims, did not involve a statute of limitations.

Carr's Response to the Motion to Dismiss does not establish his entitlement to equitable tolling. Carr argues that habeas corpus is the proper remedy where the convicting court acted without jurisdiction. (Pet'r's Resp. to Resp't's Mot. to Dismiss at 2-4, *Carr v. Lee,* No. 2:14-cv-02646-STA-dkv (W.D. Tenn.), ECF No. 15.) Even if Carr is correct, he still must file his § 2254 Petition before the expiration of the limitations period. The statute of limitations contained in 28 U.S.C. § 2254(d) does not violate the suspension clause contained in Article I, clause 9 of the Constitution or the First Amendment right to petition the government. *Hill v. Dailey*, 557 F.3d 437, 438-39 (6th Cir. 2009) (denying a certificate of appealability); *Saylor v. Mack*, 27 F. App'x 321, 323 (6th Cir. 2001) (suspension clause).

Carr also argues that "THE PETITIONER HAD NO WAY OF PRESENTING HIS CLAIM TO FEDERAL COURT WITH HIS IQ LEVEL AS STATED IN THE RECORD . . . ."

8

(Response at 2, *Carr v. Lee*, No. 2:14-cv-02646-STA-dkv (W.D. Tenn.), ECF No. 15.) Carr's ignorance of the law does not warrant equitable tolling. *Plummer v. Warran*, 463 F. App'x 501, 506 (6th Cir. 2012) ("the district court correctly concluded that the reasons Plummer actually gave for the delay in filing her petition—namely her need to find help and inexperience in the law—are not extraordinary circumstances warranting equitable tolling"); *Moore v. United States*, 438 F. App'x 445, 449 (6th Cir. 2011) ("Ignorance of the law, even by an incarcerated *pro se* petitioner, is not grounds to toll the statute."); *Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) ("Ignorance of the limitations period does not toll the limitations period.").

"[A] petitioner's mental incompetence, which prevents the timely filing of a habeas petition, is an extraordinary circumstance that may equitably toll AEDPA's one-year statute of limitations." *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011); *see also McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008) ("the mental incapacity of the petitioner can warrant the equitable tolling of the statute of limitations"); *Nowak v. Yukins*, 46 F. App'x 257, 259 (6th Cir. 2002) (same).

> To obtain equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence, a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations. In short, a blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental conditions and untimely filing is required.

*Ata*, 662 F.3d at 742; *see also Robertson*, 624 F.3d at 785 ("Several courts of appeal have held that for the mental incapacity of a petitioner to warrant equitable tolling of a habeas statute of limitations, the petitioner must demonstrate that the incompetence affected his or her ability to file

9

a timely habeas petition."); *McSwain*, 287 F. App'x at 456 ("In order to be entitled to equitable tolling the petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected her ability to file a timely habeas petition."); *Price v. Lewis*, 119 F. App'x 725, 726 (6th Cir. 2005) ("Illness—mental or physical—tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period."); *Nowak*, 46 F. App'x at 259-60 (medical records showing that prisoner suffered from "significant depression" inadequate to show entitlement to equitable tolling).

In this case, Carr has not satisfied his burden of establishing that he was incompetent during the one year during which he could have filed a timely § 2254 petition and that his incompetence caused him to miss the filing deadline. Despite his alleged mental retardation, Carr was able to prepare and litigate his post-conviction petition and his petition for a writ of habeas corpus. Carr also has not explained how he was able to prepare and file his original and Amended § 2254 Petitions and his response to the Motion to Dismiss despite his intellectual limitations.

For all the foregoing reasons, Carr is not entitled to equitable tolling. The Court GRANTS Respondent's Motion to Dismiss Time-Barred Petition. The Amended § 2254 Petition is DISMISSED with prejudice. Judgment shall be entered for Respondent.

## III.        APPEAL ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. at 335; *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States

District Courts ("§ 2254 Rules").  A petitioner may not take an appeal unless a circuit or district judge issues a COA.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing.  28 U.S.C. §§ 2253(c)(2) & (3).  A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).  A COA does not require a showing that the appeal will succeed.  *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011).  Courts should not issue a COA as a matter of course.  *Bradley*, 156 F. App'x at 773.

In this case, there can be no question that the § 2254 Petition is time barred.  Because any appeal by Petitioner on the issues raised in his § 2254 Petition does not deserve attention, the Court DENIES a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.  *See* Fed. R. App. P. 24(a) (4)-(5).  In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith.  It is therefore CERTIFIED, pursuant to Federal Rule of

11

Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.[6]

IT IS SO ORDERED this 3rd day of March, 2016.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[6] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).